# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MECKLENBURG FARM, INC., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:07-CV-1719 CAS |
| ANHEUSER-BUSCH, INC., et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on several motions, all of which are fully briefed and ready for decision. For the following reasons, the Court will deny without prejudice defendants' joint motion to dismiss for lack of standing; deny without prejudice defendants' amended motion for leave to file a counterclaim or in the alternative third-party claim; deny as moot defendants' Motion for Leave to File a Counterclaim or in the Alternative to Join as an Additional Party Felicia S. Turner as Bankruptcy Trustee of the Estate of Ingo and Dorothy Krieg a/k/a Mecklenburg Farm; grant plaintiff's motion for leave to file a first amended complaint; deny as moot defendants' joint motion to dismiss under Rule 12(b)(6); deny plaintiff's motion to strike defendants' motion to dismiss; and order plaintiff to submit evidence to establish that it is the real party in interest.

**Background**.

This action was originally filed in October 2006 in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida. The defendants removed the action to the United States District Court for the Middle District of Florida in February 2007. On October 5, 2007, the case was transferred to this Court on motion of the defendants, based on a forum selection clause contained

in a July 5, 2000 contract between "Mecklenburg Farms, a sole proprietorship" and defendant Nutri-Turf, Inc. ("Nutri-Turf").

Plaintiff Mecklenburg Farm, Inc. (the "Farm"), a Florida corporation, was in the dairy farming business in Florida. The complaint alleges that the Farm entered into a July 2, 1998 contract (the "Silage Contract") with defendant Nutri-Turf to purchase silage and/or green chop ("Silage") to feed the Farm's dairy cattle. The Silage was grown with discharged waste water used in defendant Anheuser-Busch, Inc.'s ("A-B") beer manufacturing process. The complaint alleges that the waste water used on the Silage was contaminated, and after the cattle began eating the Silage, they became ill and were unable to produce milk or to reproduce, and some calves were stillborn or died prematurely. The complaint asserts claims against Nutri-Turf for breach of contract (Count I), strict liability (Count II), breach of the express warranty of merchantability (Count III), breach of the implied warranty of merchantability and fitness (Count IV), and negligence (Count V); and claims against AB for negligence (Count VI), strict liability (Count VII), and negligent design (Count VIII).

**Discussion.**

**I. Joint Motion of Defendants to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(1), 12(b)(2) and 12(b)(6) for Plaintiff's Lack of Standing under 11 U.S.C. § 323(b)**.

The defendants move to dismiss this action on the basis that the Farm does not have standing. Defendants assert that the Farm was not incorporated until December 2000 and had no legal existence or authority to enter into the Silage Contract in July 1998.[1] Defendants state that the Silage Contract

---

[1]Because the defendants argued to the federal district court in Florida that the July 2000 Silage Contract superseded the July 1998 Silage Contract, the relevant date for inquiry would seem to be July 2000 and not July 1998. The Complaint, however, refers only to the July 1998 Silage Contract.

2

was entered into by "Mecklenburg Farm - a Florida proprietorship" which is owned by Ingo and Dorothy Krieg (collectively the "Kriegs"), and therefore the Kriegs are the proper parties plaintiff in this action. Defendants further assert that the Kriegs "a/k/a Mecklenburg Farm" filed a voluntary petition for Chapter 11 bankruptcy on August 24, 2006, and identified themselves to the Bankruptcy Court as having the same Employer Identification Number (EIN) as the Farm. The defendants assert that the Kriegs are the alter ego of plaintiff, that plaintiff's claims belong to the "Krieg a/k/a Mecklenburg Farm" Bankruptcy Estate, and that plaintiff lacks standing to bring the claims set forth in the complaint because the Trustee in Bankruptcy of the Krieg a/k/a Mecklenburg Farm Bankruptcy Estate is the real party in interest and the proper party plaintiff.

The Farm responds that defendants' motion is without merit because all of the assets of Mecklenburg Farm, a Florida proprietorship, were transferred to the Farm when it was first incorporated, as part of the capitalization of the corporation. The Farm asserts that the transferred assets included the Silage Contract and the "nascent cause of action" against the defendants, which may be conveyed under Florida law. The Farm does not submit any affidavits or other evidence in support of its assertion that the Silage Contract and rights in this cause of action were transferred. The Farm states that although it filed Articles of Dissolution effective December 31, 2006, it retains ownership of its assets under Florida law even after dissolution for purposes of winding up its affairs, and that pursuing a cause of action is a legitimate part of the winding-up process.

The Farm further responds that although it is the proper plaintiff, if the Kriegs were the real parties in interest, they and not the bankruptcy trustee would be the proper plaintiffs. The Farm asserts that the Kriegs are debtors-in-possession in their Chapter 11 bankruptcy, and that no estate trustee or case trustee has been appointed in the bankruptcy. See 11 U.S.C. § 1107 ("a debtor in

3

possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3) and (4) of this title, of a trustee serving in a case under this chapter."). The Farm states that Felicia S. Turner, who the defendants argue is the proper party plaintiff, is the United States Trustee for Region 21, and has no proper role in this matter because she is not a case or estate trustee with respect to the Kriegs' bankruptcy.

The defendants reply that the complaint does not allege plaintiff assumed the Kriegs' assets at any time, and state that plaintiff has not produced any evidence to support its argument that it now owns the tort and contract claims it is asserting. The defendants also argue that the Farm's assertion it is the proper party plaintiff "seems disingenuous, given the fact that Ingo & Dorothy Krieg seem to list every conceivable dairy farm asset in their personal bankruptcy estate--except for this lawsuit." Reply at 1-2.

The defendants also state in their Reply that they have filed an Amended Motion for Leave to File a Counterclaim/Third-Party Claim against Ingo and Dorothy Krieg, instead of against the U.S. Trustee presiding over the Kriegs' bankruptcy case. In the Amended Motion (Doc. 86), the defendants state in part, "Subsequent to filing the Motion for Leave, the undersigned realized that Ingo and Dorothy Krieg are the correct counterclaim defendants--and not the bankruptcy trustee--per U.S.C.A. § 1107(a)." Amended Mot. for Leave at 2, ¶3 (Doc. 86). Thus, although the defendants do not state it directly, they implicitly admit that their joint motion to dismiss for lack of standing incorrectly asserted that the U.S. Bankruptcy Trustee was the proper party plaintiff in this action.[2]

---

[2]Nonetheless, defendant Nutri-Turf continues to refer to Ms. Turner, the U.S. Trustee, in its Amended Motion of Separate Defendant Nutri-Turf, Inc. for Leave to File Counterclaim or, in the Alternative, Third-Party Claim, stating, "In the event the Court does not choose to recognize Turner

**A**.

As a threshold matter, the Court must determine how to properly characterize the defendants' joint motion to dismiss for lack of standing. The motion is brought pursuant to Rules 12(b)(1), 12(b)(2) and 12(b)(6), Fed. R. Civ. P. The Court concludes the motion is properly considered an objection that the Farm is not the real party in interest under Rule 17(a), Fed. R. Civ. P. Cf. Sedco Int'l., S.A. v. Cory, 522 F. Supp. 254, 314 (S.D. Iowa 1981) (construing argument that party lacked "standing" as an argument that the party was not the real party in interest), aff'd, 683 F.2d 1201 (8th Cir. 1982). Defendants' motion does not contain a challenge to either subject matter jurisdiction or personal jurisdiction, despite its references to Rules 12(b)(1) and 12(b)(2). Nor does the motion address all of the elements relevant to the issue of standing. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-62 (1992) (discussing the three elements of standing).

A leading federal procedure treatise explains, "Rule 17 sets forth criteria defining who may bring an action in federal court. The Rule requires every action to be asserted in the name of the real party in interest. Real parties in interest are the persons or entities possessing the right or interest to be enforced through the litigation." 4 James Wm. Moore, et al., Moore's Federal Practice § 17.10[1] (3d ed. 2007). See also Consul Gen. of Republic of Indonesia v. Bill's Rentals, Inc., 330 F.3d 1041, 1045 (8th Cir. 2003) ("The real party in interest is a party who, under governing substantive law, possesses the rights to be enforced."). Rule 17 does not affect jurisdiction, and relates only to the determination of proper parties and the capacity to sue. 4 Moore's Federal Practice, § 17.13[1]; see Iowa Pub. Serv. Co. v. Medicine Bow Coal Co., 556 F.2d 400, 404 n.4 (8th Cir. 1977).

---

as a proper Counterclaim Defendant, however, then NT seeks to name her, alternatively, as a Third-Party Defendant." Doc. 86 at 2, ¶ 7 (emphasis added). Presumably, this reference was an error, and the Court treats it as mere surplusage.

The concepts of real party in interest and standing are related but not identical, and the "requirements of Rule 17 should not be confused with the jurisdictional doctrine of standing." Rawoof v. Texor Petroleum Co., Inc., 521 F.3d 750, 756 (7th Cir. 2008). "The concept of a real party in interest is akin to the concept of standing, in that both address a party's right to pursue an action as claimant." 4 Moore's Federal Practice, § 17.10[1] (internal references omitted). The real party in interest rule, however, is a prudential limitation on a federal court's power to hear cases, as opposed to a jurisdictional limit. Rawoof, 521 F.3d at 756-57. Under the real party in interest rule, a litigant cannot sue in federal court to enforce the rights of third parties. Id. at 757 (citing, inter alia, Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 17-18 (2004)).

Rule 17 was originally designed to permit an assignee to sue in its own name. See Committee Note of 1966 to Amended Rule 17(a). As this principle is now well established, the modern function of the rule is to "protect the defendant against a subsequent action by the party actually entitled to recovery, and to insure generally that the judgment will have its proper effect as res judicata." Committee Note, id.; see Dubuque Stone Prods. Co. v. Fred L. Gray Co., 356 F.2d 718, 723 (8th Cir. 1966). "An assignment transfers ownership of a right or interest from one party to another. Under a valid assignment, the assignee of a claim becomes the real party in interest for that claim. Subject to the provision against collusive assignments, the assignee must sue in its own name and need not join the assignor." 4 Moore's Federal Practice, § 17.11[1][a]. Where an assignor has assigned the entire claim, it cannot sue on the claim because it retains no interest on which to base an action. Id.

Rule 17 provides that if the plaintiff or other claimant is not the real party in interest, a court must allow a reasonable time to cure a party defect before dismissing the action:

6

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Rule 17(a)(3).

**B**.

The Court turns to the merits of defendants' motion to dismiss for lack of standing. The motion, as modified by defendants' reply memorandum, asserts that the Kriegs are the proper parties plaintiff in this action rather than the Farm. The defendants correctly observe that the complaint does not contain any reference to the Farm as an assignee of the Kriegs' rights in the Silage Contracts or in this cause of action. The Farm responds that it is the assignee of the Kriegs' interest in the contracts with Nutri-Turf, and that the assignment was proper under Florida law.[3] This assertion, however, is not supported by affidavits or other evidentiary proof.

"The identity of the 'real' party may not always be apparent from the face of pleadings; it may be necessary to look beyond the pleadings to the facts of the dispute." Discover Bank v. Vaden, 489 F.3d 594, 601 (4th Cir. 2007) (cited cases omitted), cert. granted, 128 S. Ct. 1651 (U.S. Mar. 17, 2008) (No. 07-773). The Court finds it appropriate under the circumstances of this case to order the Farm to submit evidence to establish (1) what was assigned to it, so it can be determined whether the

---

[3] In a diversity action, real party in interest status is determined by reference to state law. See Consul Gen. of Republic of Indonesia, 330 F.3d at 1045 (quoting Jaramillo v. Burkhart, 999 F.2d 1241, 1246 (8th Cir. 1993)).

7

Farm is the real party in interest with regard to the claims raised in this action, and (2) that a valid assignment was made.[4]

The defendants' joint motion to dismiss for lack of standing will be denied without prejudice. Under Rule 17(a)(3), dismissal is not the appropriate remedy for a real party in interest problem until after a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. If the defendants still challenge the Farm's status as the real party in interest after the evidence described above is filed, they may file an appropriate motion to substitute the real party in interest or to join a party.

**II. Defendants' Amended Motion for Leave to File Counterclaim or, in the alternative, Third-Party Claim.**

The Court now addresses defendant Nutri-Turf's Amended Motion for Leave to File Counterclaim, or in the alternative, Third-Party Claim, which seeks to file a revised proposed Counterclaim/Third-Party Claim against Ingo and Dorothy Krieg. The Farm opposes the motion on the grounds that (1) it is not asserted in good faith, (2) the claims sought to be asserted are time barred by the relevant Missouri statutes of limitation, (3) the defendants continue to assert the meritless contention that the U.S. Bankruptcy Trustee should be added to the case,[5] (4) the Kriegs are not necessary parties to this action because the action belongs to the Farm, (5) the punitive damages claim is meritless, and (6) the proposed counterclaims are not based on new facts and therefore are not timely asserted.

---

[4]The Farm should file this evidence as a "Response to Court." In the CM/ECF Civil Event menu, under the heading "Other Filings," select "Other Documents" and then "Response to Court."

[5]As noted above, the Court considers Nutri-Turf's reference to the U.S. Bankruptcy Trustee in its Amended Motion for Leave to File Counterclaim (Doc. 86) to have been made in error.

8

Rule 13(f), Fed. R. Civ. P., provides that a party may obtain leave of court to amend its pleadings to assert a counterclaim that "was omitted through oversight, inadvertence, or excusable neglect or if justice so requires." Rule 13(f), Fed. R. Civ. P. "Leave to amend to plead an omitted counterclaim should be freely granted, especially when the omitted counterclaim is a compulsory counterclaim . . . ." Wayzata Bank & Trust Co. v. A & B Farms, 855 F.2d 590, 594 (8th Cir. 1988). "The liberal policies that support amended pleadings apply to the omitted counterclaim; Rule 13(f) and 15(a) are entirely consistent in their backing of amended pleadings." 3 Moore's Federal Practice § 13.43[1]; see Mercantile Trust Co. N.A. v. Inland Marine Prods. Corp., 542 F.2d 1010, 1012 n.5 (8th Cir. 1976). "As is true with amendment under Rule 15(a), primary factors courts consider in determining whether to allow an omitted counterclaim by amendment include the good faith of the claimant, the danger of prejudice to the opposing party, and the timeliness or extent of delay in raising the claim." Id. It is appropriate to deny leave to amend, however, where the filing of the amended pleading would be futile. Humphreys v. Roche Biomedical Labs., Inc., 990 F.2d 1078, 1082 (8th Cir. 1993) (discussing amended complaint).

Despite the liberal policies concerning amendments, at this juncture it is not clear to the Court whether the Kriegs are proper parties to this action, for the reasons discussed above. If the Kriegs assigned all of their interests in the Silage Contracts and this action to the Farm, they would not be proper parties in this action because they do not retain any interest therein, see 4 Moore's Federal Practice, § 17.11[1][a], and as such, a counterclaim against them would appear to be futile. In addition, if the Kriegs are determined to be proper parties, the defendants have not addressed whether filing of the proposed counterclaim/third-party claim would constitute a violation of the automatic

stay of 11 U.S.C. § 362(a).  Defendants' amended motion for leave to file a counterclaim against the Kriegs will therefore be denied without prejudice.

Nutri-Turf's original Motion for Leave to File a Counterclaim or in the Alternative to Join as an Additional Party Felicia S. Turner as Bankruptcy Trustee of the Estate of Ingo and Dorothy Krieg a/k/a Mecklenburg Farm will be denied as moot, based on the filing of the amended motion for leave to file a counterclaim.[6]

### III. Defendants' Joint Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) for Failure to State a Claim or Cause of Action or, in the alternative, to Strike Portions of Plaintiff's Prayer; Plaintiff's Motion for Leave to File First Amended Complaint; Plaintiff's Motion to Strike Defendants' Joint Motion to Dismiss.

Defendants jointly move to dismiss the original complaint, raising defenses as permitted by Rule 12(b), Federal Rules of Civil Procedure.  Plaintiff subsequently filed a motion for leave to file an amended complaint, which defendants oppose.  Rule 15(a)(1)(A), Fed. R. Civ. P., permits a party to amend its pleading once as a matter of course before it is served with a responsive pleading.  A motion to dismiss is not a "responsive pleading" as contemplated by Rule 15(a)(1)(A).  See Winfrey v. Brewer, 570 F.2d 761, 764 n.4 (8th Cir. 1978) (motion to dismiss is not a responsive pleading; explaining Rule 15(a)); Hemphill v. Roy, No. 1:07-CV-19 CAS, 2008 WL 68735, *1 (E.D. Mo. Jan. 4, 2008) (citing Winfrey); see also Fed R. Civ. P. 7 (identifying which papers are "pleadings" under

---

[6]With respect to Nutri-Turf's original motion for leave to file a counterclaim against the U.S. Bankruptcy Trustee, Nutri-Turf is reminded that under Rule 11, an attorney signing a document is certifying to the best of his or her knowledge "formed after an inquiry reasonable under the circumstances" that the legal contentions therein are warranted by existing law and the factual contentions have evidentiary support.  Rule 11(b)(2), (3), Fed. R. Civ. P.  Nutri-Turf's request that it be permitted to add the Bankruptcy Trustee as a counterclaim or third-party defendant does not appear to have been supported by existing law or fact.

10

the Federal Rules and distinguishing "pleadings" from "motions and other papers"); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1483 (2d ed. 1987).

Because no responsive pleading to plaintiff's complaint has been served, plaintiff may file its First Amended Complaint as a matter of course. Leave of Court or the consent of the defendant is not required. Fed. R. Civ. P. 15(a)(1)(A). Nonetheless, because plaintiff filed a motion for leave, the Court will grant it. Defendants' joint motion to dismiss will be denied as moot. Plaintiff's motion to strike defendants' joint motion to dismiss will be denied.[7]

**Conclusion**.

For the foregoing reasons, the Court will deny without prejudice defendants' joint motion to dismiss for lack of standing; deny without prejudice defendants' amended motion for leave to file a counterclaim or in the alternative third-party claim; deny as moot defendants' Motion for Leave to File a Counterclaim or in the Alternative to Join as an Additional Party Felicia S. Turner as Bankruptcy Trustee of the Estate of Ingo and Dorothy Krieg a/k/a Mecklenburg Farm; grant plaintiff's motion for leave to file a first amended complaint; deny as moot defendants' joint motion to dismiss under Rule 12(b)(6); deny plaintiff's motion to strike defendants' motion to dismiss; and order plaintiff to submit evidence to establish that it is the real party in interest.

---

[7]A motion to strike is properly directed only to material contained in pleadings. The Federal Rules of Civil Procedure define pleadings as a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and if the court orders one, a reply to an answer. Fed. R. Civ. P. 7(a). Motions, briefs, memoranda, objections or affidavits may not be attacked by a motion to strike. 2 James W. Moore, et al., Moore's Federal Practice §12.37[2] (3rd ed. 2007). See Coleman v. City of Pagedale, No. 4:06-CV-1376 ERW, 2008 WL 161897, *4 (E.D. Mo. Jan. 15, 2008); Williams ex rel. McIntosh v. City of Beverly Hills, Mo., No. 4:07-CV-661 CAS, 2008 WL 2792490, *2 (E.D. Mo. Sept. 24, 2007). Defendants' motion to dismiss is not a pleading and cannot be attacked with a motion to strike.

The Court requests the parties to endeavor to maintain civility and decorum in future filings, and to refrain from using the type of overheated rhetoric which has appeared in filings by both sides. Such comments are of no use to the Court in resolving the issues presented by this case, and serve only to detract from the dignity of the proceedings and the persuasiveness of the makers' arguments.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' Joint Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(1), 12(b)(2) and 12(b)(6) for Plaintiff's Lack of Standing under 11 U.S.C. § 323(b), construed as an objection that plaintiff is not the real party in interest under Rule 17(a), Fed. R. Civ. P., is **DENIED** without prejudice. [Doc. 79]

**IT IS FURTHER ORDERED** that defendant Nutri-Turf's Amended Motion for Leave to File Counterclaim, or in the alternative, Third-Party Claim is **DENIED** without prejudice. [Doc. 86]

**IT IS FURTHER ORDERED** that defendant Nutri-Turf's Motion for Leave to File a Counterclaim or in the Alternative to Join as an Additional Party Felicia S. Turner as Bankruptcy Trustee of the Estate of Ingo and Dorothy Krieg a/k/a Mecklenburg Farm is **DENIED as moot**. [Doc. 81]

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file a first amended complaint is **GRANTED**. [Doc. 63]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall detach and docket plaintiff's First Amended Complaint, which was submitted as an attachment to the motion for leave. Defendants shall respond to the First Amended Complaint in the time allowed by Rule 12(a), Fed. R. Civ. P.

**IT IS FURTHER ORDERED** that defendants' joint motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) for failure to state a claim or cause of action or, in the alternative, to strike portions of plaintiff's prayer, is **DENIED as moot**. [Doc. 57]

**IT IS FURTHER ORDERED** that plaintiff's motion to strike the defendants' joint motion to dismiss plaintiff's complaint is **DENIED**. [Doc. 65]

**IT IS FURTHER ORDERED** that plaintiff shall, by **June 20, 2008**, submit affidavits or other evidence as required by this Memorandum and Order which shall establish (1) what was assigned to the Farm, and (2) that a valid assignment was made.

*[signature]*

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  22nd  day of May, 2008.