UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MECKLENBURG FARM, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:07-CV-1719 CAS |
| ANHEUSER-BUSCH, INC., et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. On June 6, 2008, the defendants filed a joint motion to dismiss plaintiff's first amended complaint pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, accompanied by several exhibits (Doc. 94). On June 18, 2008, plaintiff filed a memorandum in opposition to the motion to dismiss, also accompanied by exhibits (Doc. 102). Plaintiff also filed a motion to strike the motion to dismiss. The Court will deny the motion to strike, and notifies the parties that it will convert defendants' motion to dismiss to a motion for summary judgment and deny the same without prejudice.

**Motion to Strike**.

As the Court explained in the Memorandum and Order of May 22, 2008 (Doc. 91), a motion to strike is not properly filed in response to a motion to dismiss, because the latter is not a "pleading" within the meaning of the Federal Rules:

> A motion to strike is properly directed only to material contained in pleadings. The Federal Rules of Civil Procedure define pleadings as a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and if the court orders one, a reply to an answer. Fed. R. Civ. P. 7(a). Motions, briefs, memoranda, objections or affidavits may not be attacked by a motion to strike. 2

> James W. Moore, et al., Moore's Federal Practice §12.37[2] (3rd ed. 2007). See
> Coleman v. City of Pagedale, No. 4:06-CV-1376 ERW, 2008 WL 161897, *4 (E.D.
> Mo. Jan. 15, 2008); Williams ex rel. McIntosh v. City of Beverly Hills, Mo., No.
> 4:07-CV-661 CAS, 2008 WL 2792490, *2 (E.D. Mo. Sept. 24, 2007). Defendants'
> motion to dismiss is not a pleading and cannot be attacked with a motion to strike.

Mem. and Order at 11, n.7.

Despite the Court's clear statement, plaintiff has filed another motion to strike directed to a motion to dismiss. This procedure is improper and serves only to unnecessarily duplicate and complicate the filings in this case. Any objections plaintiff has to the motion to dismiss must be contained in the response thereto.

The Court will deny the motion to strike. Plaintiff shall not file another motion to strike in this case unless it is directed to a pleading as that term is defined in Rule 7(a) of the Federal Rule of Civil Procedure.

**Motion to Dismiss**.

A motion to dismiss pursuant to Rule 12(b)(6) must be treated as a motion for summary judgment when matters outside the pleadings are presented and not excluded by the trial court. McAuley v. Federal Ins. Co., 500 F.3d 784, 787 (8th Cir. 2007) (quoting Hamm v. Rhone-Poulenc Rorer Pharms., Inc., 187 F.3d 941, 948 (8th Cir. 1999)). When matters outside the pleadings are presented on a motion to dismiss, the court may either treat the motion as one to dismiss and exclude the matters outside the pleadings, or treat the motion as one for summary judgment and provide the parties with notice and an opportunity to provide further materials. See Gibb v. Scott, 958 F.2d 814, 816 (8th Cir. 1992).

In this case, both parties have submitted matters outside the pleadings in connection with defendants' joint motion to dismiss. Accordingly, it is appropriate for the Court to treat the motion

as a motion for summary judgment under Rule 56, Fed. R. Civ. P. Defendants' motion, however, does not include a statement of uncontroverted material facts as required by Local Rule 4.01(E) and as a result is not in compliance with the Local Rules. The Court will deny the joint motion to dismiss without prejudice.[1] Defendants may file a motion for summary judgment in conformance with Local Rule 4.01(E). Plaintiff's response will be due thirty (30) days after any motion for summary judgment is filed, and defendants' reply will be due ten (10) days after the response, in accordance with the Case Management Order (Doc. 59).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to strike the defendants' joint motion to dismiss plaintiff's complaint is **DENIED**. [Doc. 101]

**IT IS FURTHER ORDERED** that plaintiff shall not file any other motion to strike in this action unless the motion is directed to a pleading, as that term is defined in Rule 7(a) of the Federal Rules of Civil Procedure.

---

[1] The Court has considered and rejected the idea of allowing defendants to file a statement of uncontroverted material facts with their reply memorandum. It is inappropriate for a statement of facts to be contained in a reply memorandum, because the statement is designed to clearly define the issues presented by the moving party and show its supporting evidence. Further, such a procedure would result in out-of-order and potentially confusing briefing of the motion, likely requiring a surresponse and surreply. The defendants may notify the Court in writing if they prefer it to consider the joint motion to dismiss under Rule 12(b)(6) and exclude matters outside the pleadings.

**IT IS FURTHER ORDERED** that the defendants' joint motion to dismiss is converted to a motion for summary judgment under Rule 56, Fed. R. Civ. P., and is **DENIED** without prejudice for failure to comply with Local Rule 4.01(E). [Doc. 94]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  19th  day of June, 2008.