UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MECKLENBURG FARM, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07-CV-1719 CAS |
| | ) | |
| ANHEUSER-BUSCH, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants Anheuser-Busch, Inc. and Nutri-Turf, Inc.'s Joint Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Rule 12(b)(6) for Failure to State a Claim or Cause of Action or, in the Alternative, to Strike Portions of Plaintiff's Prayer for Relief. Plaintiff opposes the motion. As set forth in the Order of June 26, 2007, the Court has excluded matters outside the pleadings from its consideration of this motion. The defendants state in their reply memorandum that the only issues presented by their motion, as modified, are: (1) whether plaintiff's claims of fraud in Counts VI and X are alleged with sufficient particularity under Rule 9(b), Fed. R. Civ. P.; (2) whether plaintiff's allegations of fraudulent concealment for purposes of tolling the statute of limitations lack sufficient particularity under Rule 9(b); and (3) whether Count IX is duplicative of Count VII, and should be stricken as redundant under Rule 12(f).

For the following reasons, the Court will grant in part and deny in part defendants' motion to dismiss, and deny defendants' motion to strike Count IX. Plaintiff will be granted leave to file an amended complaint to allege its fraud claims with particularity.

**Background**.

Plaintiff Mecklenburg Farm, Inc. ("plaintiff" or the "Farm"), a Florida corporation, was in the dairy farming business in Florida. The First Amended Complaint ("complaint") alleges that the Farm entered into a July 2, 1998 contract (the "Silage Contract") with defendant Nutri-Turf to purchase silage and/or green chop ("Silage") to feed the Farm's dairy cattle. The Silage was grown with discharged waste water used in defendant Anheuser-Busch, Inc.'s ("A-B") beer manufacturing process. The complaint alleges that Nutri-Turf failed to package the Silage immediately after harvesting it and as a result the Silage became oxygenated, creating excess heat and toxin growth in the Silage. In the alternative, the complaint alleges that the waste water supplied by A-B for Nutri-Turf's use in irrigating the Silage was contaminated with fecal coliform bacteria and other contaminants, and its use deposited contaminants and toxins onto the Silage. Plaintiff alleges that after its cattle began eating the Silage, they became ill and were unable to produce milk or to reproduce, and some calves were stillborn or died prematurely. The complaint asserts claims against Nutri-Turf for breach of contract (Count I), strict liability (Count II), breach of the express warranty of merchantability (Count III), breach of the implied warranty of merchantability and fitness (Count IV), negligence (Count V), and fraud (Count VI); and against AB for negligence (Count VII), strict liability (Count VIII), negligent design (Count IX), and fraud (Count X).

**Dismissal Standard**.

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible

2

on its face." Id. at 1974 (abrogating the traditional 12(b)(6) "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). A plaintiff need not provide specific facts in support of his allegations, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (per curiam), but "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level. Twombly, 127 S. Ct. at 1964-65 & n.3." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008). On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint. Erickson, 127 S. Ct. at 2200.

**Discussion**.

**A. Sufficiency of Fraud Claims**.

The defendants assert that plaintiff's fraud claims in Counts VI and X are not alleged with sufficient particularity under Rule 9(b), Federal Rules of Civil Procedure, which requires that fraud claims be pleaded with "particularity." Defendants state that Rule 9(b) "requires a plaintiff to set forth specifically when, where, by whom and/or specifically what the fraudulent misrepresentation was before access to the discovery process is granted." Reply Mem. at 3 (citing BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007)). Defendants state that plaintiff has generally alleged that the defendants made various fraudulent misrepresentations, but has not pleaded its fraud claims with the requisite particularity.

Plaintiff responds that it has sufficiently pleaded fraud under Missouri law. Plaintiff also states that both Missouri and federal law require a party to first move for a more definite statement under Rule 12(e) when a complaint is too vague, before moving to dismiss it under Rule 12(b).

As a threshold matter, it is appropriate to clarify that the Federal Rules of Civil Procedure apply in an action in federal district court, even if state law provides the elements of the cause of

action. Thus, the applicable pleading standard is established by Federal Rule of Civil Procedure 9(b). See Sayre v. Musicland Group, Inc., 850 F.2d 350, 352 (8th Cir. 1988) (federal courts apply the Federal Rules of Civil Procedure to matters of procedure when considering non-federal questions in a diversity action); see also 2 James Wm. Moore, et al., Moore's Federal Procedure § 9.03[1][e] (3rd ed. 2007) ("[I]n an action in federal district court, even if state law provides the elements of fraud, claimants must plead the circumstances constituting the fraud with particularity under Rule 9(b).").

The Eighth Circuit recently reiterated that Rule 9(b) places on the plaintiff the burden to allege fraud claims with particularity, including the "who, what, where, when, and how" of the alleged fraud:

> [T]he heightened pleading standards of Rule 9(b) . . . require plaintiffs to plead "the circumstances constituting fraud . . . with particularity." Fed. R. Civ. P. 9(b). Under Rule 9(b), a plaintiff must plead "such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." Abels v. Farmers Commodities Corp., 259 F.3d 910, 920 (8th Cir. 2001) (quoting Bennett v. Berg, 685 F.2d 1053, 1062 (8th Cir. 1982), adhered to on reh'g, 710 F.2d 1361 (8th Cir. 1983) (en banc)). In other words, the party must typically identify the "who, what, where, when, and how" of the alleged fraud. United States ex rel. Costner v. URS Consultants, Inc., 317 F.3d 883, 888 (8th Cir. 2003). This requirement is designed to enable defendants to respond "specifically, at an early stage of the case, to potentially damaging allegations of immoral and criminal conduct." Abels, 259 F.3d at 920. The level of particularity required depends on, inter alia, the nature of the case and the relationship between the parties. Payne v. U.S., 247 F.2d 481, 486 (8th Cir. 1957). "Conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." Commercial Property Investments Inc. v. Quality Inns Int'l Inc., 61 F.3d 639, 644 (1995). Rule 9(b) should be read "in harmony with the principles of notice pleading." Schaller Telephone Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 746 (8th Cir.2002) (quoting Abels, 259 F.3d at 920).

BJC Health Sys., 478 F.3d at 917.

In the complaint, plaintiff alleges the following with respect to defendants' alleged fraud: (1) "on information and belief" the defendants became aware before November 2001 that the waste water supplied by A-B to Nutri-Turf was contaminated, and "acted individually and in concert to conceal

4

the existence of the contamination from Plaintiff," complaint at 3, ¶ 13; (2) before October 2001 the defendants knew the waste water was contaminated and concealed this information from plaintiff, id. at 4, ¶ 29; (3) defendants "withheld knowledge of the contamination despite being repeated informed by the Farm of problems with the Cattle," "knew that the contamination of the Silage was the cause of the Farm's problems with its Cattle," and "knowing that their Silage caused the Farm's Cattle problems, concealed this information from the Farm concealing the existence of the Farm's claims against Defendants," complaint at 5, ¶¶ 31-33; (4) "upon information and belief, instructed its employees and manager not to discuss the Silage contamination with the Farm," id. at 5, ¶ 34; and (5) "knew that the contamination was a material defect and intentionally concealed this defect from the Farm, and in fact warranted that the Silage was free of material defects, which warranty the Farm reasonably relied upon." Id. at 6, ¶ 44. Plaintiff also alleges that defendant A-B knew the contamination caused problems with plaintiff's cattle, concealed the contamination, forbade its employees and manager from discussing the contamination with plaintiff, and knew that the contamination was a material defect in its waste water and intentionally concealed this defect from plaintiff. Id. at 14, ¶¶ 102-105.

In Count VI, plaintiff alleges that Nutri-Turf "represented and warranted that the Silage was free of material defect and safe for consumption by Cattle," even though it knew on or before October 2001 that the Silage was contaminated and dangerous. Id. at 12, ¶¶ 82-87. In the alternative, plaintiff alleges that Nutri-Turf represented the Silage was safe without knowing that it was safe, and later learned of the contamination but concealed it from plaintiff. Id. at 12, ¶ 88.

In Count X, plaintiff alleges that A-B represented that its waste water was free of material defects and safe for use as irrigation for Silage intended for consumption by cattle, even though it

5

knew its waste water was contaminated and dangerous at least by October 2001. In the alternative, plaintiff alleges that A-B represented the waste water was safe without knowing that it was in fact safe, and later learned of the contamination but concealed it from plaintiff. Id. at 20, ¶ 146.

As stated above, a plaintiff alleging fraud must typically identify the "who, what, where, when, and how" of the alleged fraud. BJC Health Sys., 478 F.3d at 917. The Eighth Circuit has instructed that Rules 8 and 9 are to be construed "in harmony." Id. This means that although Rule 9(b) requires particular allegations of fraud, notice pleading still applies, such that the allegations should be "simple, concise and direct." See Rule 8(e)(1). Rule 9(b) requires a "higher degree of notice," however, including specific allegations of the circumstances constituting fraud, such as "the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." Abels, 259 F.3d at 910 (quoting Bennett, 685 F.2d at 1062).

Plaintiff's complaint does not meet the requisite particularity standard, but rather alleges in a conclusory manner that the defendants concealed information that the Silage and waste water were contaminated. There are no specific facts alleged concerning the time, place or contents of the false representations, or the identity of the person(s) making them. Plaintiff does not allege how the defendants allegedly concealed the contamination, or the date or substance of any inquiries plaintiff made which were met with responses that concealed the alleged contamination. In addition, some of plaintiff's allegations relevant to its fraud claims are pleaded on information and belief, which is generally not permitted unless accompanied by a statement of the facts on which the belief is founded. See Florida State Bd. of Admin. v. Green Tree Fin. Corp., 270 F.3d 645, 668 (8th Cir. 2001); Parnes v. Gateway 2000, Inc., 122 F.3d 539, 550 (8th Cir. 1997) (quoted case omitted).

Defendants' motion to dismiss Counts VI and X should therefore be granted, but the Court will grant plaintiff leave to file an amended complaint with the requisite particularity.[1]

**B. Plaintiff's Fraudulent Concealment Defense**.

Defendants also seek dismissal under Rule 9(b) of plaintiff's allegations of fraudulent concealment for the purposes of tolling the statute of limitations. Plaintiff is not required to plead factual allegations concerning its potential tolling defense. Defendants' motion to dismiss no longer raises the issue of the statute of limitations and, as a result, this aspect of the motion should be denied.

**C. Motion to Strike Count IX as Duplicative**.

Defendants move to strike Count IX for negligent design of A-B's waste water discharge system as duplicative of the allegations in Count VII for A-B's alleged negligence in providing Nutri-Turf with contaminated waste water. Defendants state, "These allegations are indistinct legal theories of general negligence, and, as such, Count IX should be dismissed as duplicative or stricken pursuant to Fed. R. Civ. P. 12(f) as redundant." Mem. Supp. Mot. Dismiss at 11.

Plaintiff responds that an action for negligence is not the same thing as an action in strict products liability for negligent design, as these two causes of action have different elements which must be proved, and are not duplicative. Plaintiff sets out the elements of the elements of the two causes of action in its response. See Mem. Opp. at 14.

Defendants reply that both counts allege that A-B was negligent by delivering contaminated waste water to Nutri-Turf that contaminated the Silage sold to plaintiff, and that A-B's waste water discharge system allowed the waste water to be defective. Defendants assert that although plaintiff

---

[1] The Court rejects plaintiff's assertion that the Federal Rules of Civil Procedure require a defendant to move for a more definite statement before seeking dismissal of a complaint for failure to plead fraud with particularity. In many instances, however, it is appropriate to grant a plaintiff leave to file an amended complaint where a motion to dismiss has been granted under Rule 9(b).

7

attempts to distinguish the allegations in Counts IX and VII by arguing that Count IX states a claim for products liability for defective design, while Count VII states a claim for simple negligence, the alleged "negligent design" is the design of the waste water itself as it was delivered to Nutri-Turf and incorporated into the Silage, and therefore Count IX contains no new theory of negligence.

Under Federal Rule of Civil Procedure 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f), Fed. R. Civ. P. "Striking a party's pleading . . . is an extreme and disfavored measure." BJC Health Sys., 478 F.3d at 917 (citing Stanbury Law Firm, P.A. v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000)). Motions to strike are infrequently granted, because they propose a drastic remedy. Stanbury Law Firm, 221 F.3d at 1063. Nonetheless, resolution of such a motion lies within the broad discretion of the Court. Id. A leading federal practice and procedure treatise states that matter will not be stricken unless it clearly can have no possible bearing on the subject matter of the litigation and its inclusion prejudices the defendants. 2 Moore's Federal Practice §12.37[3].

In Count VII, plaintiff alleges that (1) A-B had a duty to the ultimate consumers of its waste water to exercise reasonable care to deliver water that was free from contaminates, (2) A-B breached its duty by delivering waste water to Nutri-Turf that was contaminated, (3) A-B's delivery of the contaminated water caused injuries to plaintiff's cattle, and (4) plaintiff was damaged as a result of A-B's breach. Complaint at 13-14, ¶¶ 92-110.

In Count IX, plaintiff alleges that (1) A-B built either an addition to its beer plant that allowed contaminated water to be discharged from the plant, or a waste water discharge system that allowed the waste water to become contaminated, (2) A-B had a duty to design an addition or waste water discharge system that would not contaminate the waste water, (3) A-B's waste water delivery system

8

was in a defective condition unreasonably dangerous when put to its intended use of producing waste water to irrigate Silage for consumption by cattle, (4) A-B breached its duty by not curing any defects in the addition or discharge system before it began discharging and delivering waste water to Nutri-Turf, and also breached its duty by allowing contaminates into the waste water, (5) A-B knew or should have known the waste water was going to be used to grow Nutri-Turf's Silage, (6) A-B knew or should have known the waste water was contaminated and concealed the contamination despite plaintiff's inquiry; (7) A-B knew or should have known that the Silage was going to be used to feed livestock including plaintiff's cattle, (8) but for the waste water's contamination, the Silage would have been free of the contaminants that harmed plaintiff's cattle, and (9) plaintiff was damaged by the harm to its cattle caused as a direct result of A-B's contaminated waste water. Complaint at 17-19, ¶¶ 126-38.

A review of the complaint shows that although the claims asserted in Counts VII and IX share certain allegations, they are not identical, and the Court cannot say that the counts are redundant within the meaning of Rule 12(f). The Federal Rules permit a pleader to set forth several legal theories simultaneously, including alternative or inconsistent legal theories. Defendants have not cited any cases in which claims similar to those in Counts VII and IX were found to be redundant or duplicative, nor have they alleged any prejudice based on the claims as pleaded.[2] This aspect of defendants' motion should therefore be denied.

---

[2]Defendants assert in their Reply that Count IX alleges the waste water itself was negligently designed. This assertion is contradicted by the complaint. Although Count IX is not a model of pleading clarity, plaintiff alleges in Count IX that A-B negligently designed either an addition to its plant or a waste water discharge system, and that defects in the addition and/or waste water discharge system resulted in the discharge of contaminated waste water. See complaint at ¶¶ 127-32.

**Conclusion**.

For the foregoing reasons, the Court will grant defendants' motion to dismiss Counts VI and X for failure to plead fraud with particularity. Plaintiff will be granted leave to file an amended complaint within twenty days to allege its fraud claims with the requisite particularity. The motion to dismiss will be denied in all other respects. Defendants' motion to strike will also be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' joint motion to dismiss is **GRANTED in part** and **DENIED in part**; the motion is **GRANTED** to the extent that Counts VI and X of plaintiff's First Amended Complaint are **DISMISSED** without prejudice; and **DENIED** in all other respects. [Doc. 94]

**IT IS FURTHER ORDERED** that defendants' motion to strike Count IX is **DENIED**. [Doc. 94]

**IT IS FURTHER ORDERED** that plaintiff is granted leave to file an amended complaint alleging fraud with the requisite particularity by **July 22, 2008**.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint by that date, the Court will dismiss Counts VI and X of the First Amended Complaint with prejudice.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __2nd__ day of July, 2008.